EDWARD STAPLETON, as Administrator of the Estate of BERNICE STAPLETON, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31118.) — Appeal from a judgment of the Court of Claims dismissing the claim herein on the merits at the close of claimant's case. Claimant's intestate, a young woman eighteen or nineteen years of age, was a passenger in a motor vehicle operated by a young man whose name was Bradley. About 3:00 o'clock on the morning of December 26, 1950, when the car was being driven in a southerly direction on a public highway in the County of Ulster, known as Route 13, it left the highway and plunged over an embankment into the Wallkill River. Claimant's intestate was drowned. Route 13 winds along the Wallkill River, and is a highway of many curves. The accident happened on a curve which bore to the left in the direction the car was proceeding, and which had a radius of 300 feet. To the right was the river and on that side of the curve there were guide posts but no cable connecting them. The macadam part of the highway at that point was twenty feet wide. The force of the collision broke off two or three guide posts. Bradley testified that the car was running at a speed of

from forty to fifty miles an hour, and that he didn't see the guide posts until the moment of collision. He had been over the road before and he gave no adequate explanation of why he was unable to round the curve without leaving the highway. There was no warning sign of a curve within 300 feet of the place where the accident happened, but there were several such signs along the highway further back, and it was perfectly obvious that the road had many curves because it wound along the banks of the river. There was a straight stretch on the highway for some distance before the Bradley car reached the curve. The implication is rather clear that the accident happened because of the speed the car was making and Bradley's lack of control. Appellant practically concedes that Bradley was careless but argues that the State was negligent in the design and maintenance of the highway at the point in question. There is some expert evidence that the curve was dangerous and should have been altered. Appellant also takes the position that the trial court ignored the evidence as to the State's negligence, to the detriment of claimant whose intestate was a passenger. Although Bradley's testimony was inconsistent, and he appeared to be unreliable and irresponsible, we accept his veracity for the purpose of this appeal. On the basis of his own account however, and viewing it in the most favorable light, we are constrained to hold that his careless driving was the sole proximate cause of the accident. There was no proof of any other accidents in that vicinity, which is some indication at least that the highway was reasonably safe for those who exercised reasonable care. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.